IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 14 2010
J T NOBLIN, CLERK
BY_____ DEPUTY

MISSISSIPPI LIME COMPANY,
D/B/A FALCO LIME,                                           PLAINTIFF

VS.                                          NO. 5:10cv89-DCB-JMR

BIG RIVER SHIPBUILDERS, INC.                                DEFENDANT

## COMPLAINT

**COMES NOW** Plaintiff, Mississippi Lime Company, d/b/a Falco Lime, by and through its attorneys in a case civil and maritime, and for its cause of action against Defendant, Big River Shipbuilders, Inc., states:

### COUNT 1

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. Plaintiff is and was at all material times hereto a corporation organized and existing under law with its principal place of business at 3870 S. Lindbergh, Suite 200, St. Louis, MO 63127.

3. Upon information and belief, Big River Shipbuilders, Inc., (Big River) is and was at all material times a Mississippi corporation with its principal place of business at 404 Port Terminal Street, Vicksburg, MS 39183. Defendant can be served through its resident agent for service of process, J. O. Smith, III, at 404 Port Terminal Street, Vicksburg, MS 39183.

4. At all material times Plaintiff operated a dock facility on the Mississippi River at or near Vicksburg, MS, under the business name Falco Lime and/or Falco Lime Company.

5. Effective on or about January 1, 2007, Plaintiff and SCF Marine, Inc. had entered into an Agreement under which SCF Marine, Inc. would provide barges to carry lime for Plaintiff.

6. During May, 2007, pursuant to the Agreement between SCF Marine, Inc. and Plaintiff, SCF Marine, Inc. provided barge SCF-125 to transport approximately 1,770.85 tons of lime for Plaintiff from St. Genevieve, MO, to Plaintiff's dock at Vicksburg, MS.

7. On or about May 30, 2007, the barge SCF-125 was delivered to Plaintiff's dock facility at Vicksburg, MS.

8. On or about May 30, 2007, during unloading operations, Plaintiff discovered that the SCF-125 was leaking in the bow and appeared to be taking on water.

9. Upon inspection, Plaintiff discovered water in the bow compartment aboard the number one wing tank of the SCF-125.

10. Plaintiff placed electrical water pumps in the bow compartment and number one wing tank of the SCF-125.

11. Due to the condition of the barge, Plaintiff suspended unloading operations. Approximately 540 tons of lime was unloaded leaving approximately 1,230.85 tons on board.

12. Plaintiff had previously been instructed by SCF Marine, Inc. to contact Defendant in the event that one of its vessels required inspection, maintenance and/or repair.

13. Upon information and believe, Defendant was the agent of SCF Marine, Inc. with regard to the inspection, maintenance and/or repair of SCF vessels.

14. After placing electrical pumps on the SCF-125, Plaintiff promptly contacted Defendant and requested that Defendant inspect and perform repairs to the barge SCF-125.

15. Alternatively, in the event that Defendant was not an agent of SCF Marine, Inc., Defendant held itself out as a company qualified and experienced to inspect, repair, pump water from barges and salvage, if needed, marine equipment.

16. Plaintiff contacted Defendant and in response thereto Defendant took on and accepted the responsibility of inspecting, maintaining, repairing and de-watering the SCF-125. In such role, Defendant had the duty to perform its inspection, maintenance, repairs and de-watering of the SCF-125 in good faith and in a workmanlike manner. Defendant further warranted in its undertakings that it would perform its duties with a warranty of workmanlike performance.

17. As a part of its work, obligations and undertakings, Defendant inspected the SCF-125

on the evening of May 30, 2007, placed a gasoline powered jigger pump in the bow of the barge, and thereafter periodically monitored the pump and the barge over the next day to day-and- a-half.

18. Approximately two (2) days later, on or about June 1, 2007, it was discovered that the barge SCF-125 sank while at Plaintiff's dock.

19. The sinking of the SCF-125 was a direct, proximate cause of the negligence of Defendant as Defendant breached its duty of care by failing to properly inspect, maintain, pump and/or repair the SCF-125 which allowed water to enter the barge causing it to sink.

20. As a direct, proximate cause of the negligence of the Defendant, Plaintiff has sustained damages for loss of cargo and associated expenses in the amount of $114,000.00.

## COUNT 2

21. Plaintiff incorporates herein the allegations in Paragraphs 1 through above.

22. A Complaint was filed against Plaintiff by SCF Marine, Inc. In Cause No. 4:08-cv-1618 in the United States District for the Eastern District of Missouri, Eastern Division. In that Complaint, SCF Marine, Inc. sought damages against Mississippi Lime Company for the value of barge SCF-125 and expenses associated with its sinking. SCF Marine, Inc. has assigned to Plaintiff, Mississippi Lime Company, all of its rights, claims and causes of action against Defendant, Big River, and any other parties responsible for the sinking of the SCF-125.

23. As Assignee of the claim of SCF Marine, Inc. for the value of the SCF-125 and expenses associated with its sinking, Plaintiff is entitled to recover against Defendant approximately $418,643.41 as a direct, proximate cause of the negligence of Defendant, Big River.

## COUNT 3

24. Mississippi Lime Company incorporates herein the allegations in Paragraph 1 through 23 above.

25. In undertaking to provide services for the inspection, maintenance, repair and de-

3

watering of barge SCF-125, Defendant owed to Plaintiff, individually and as Assignee of SCF Marine, Inc. a warranty of workmanlike performance which warranty Defendant has breached. As a direct, proximate cause of the breach of Defendant's warranty of workmanlike performance, Plaintiff is entitled to recover $418,643.41 for the value of barge SCF-125 and expenses associated with its sinking, $114,000.00 for loss of cargo and attorney's fees, expenses, prejudgment interest and post-judgment interest.

### COUNT 4

26. Mississippi Lime Company incorporates herein the allegations in Paragraph 1 through 25 above.

27. In undertaking its services provided to the barge SCF-125, Defendant acted as an agent of SCF Marine, Inc.

28. In undertaking the services provided to the barge SCF-125, these services were provided in the course and scope of its duties as agent of SCF Marine, Inc. As a direct, proximate cause of the failure to perform safely such duties, Defendant was negligent and also breached its contractual obligations to Plaintiff, individually, and to Plaintiff as Assignee of SCF Marine, Inc.

29. As a direct, proximate cause of the negligence of Defendant and the breach of its contractual obligations, Plaintiff is entitled to recover $418,643.41 for the value of barge SCF-125 and expenses associated with its sinking, $114,000.00 for loss of cargo aboard the SCF-125 together with attorney's fees, expenses, prejudgment interest and post-judgment interest.

### COUNT 5

30. Mississippi Lime Company incorporates herein the allegations in Paragraph 1 through 29 above.

31. Commencing with its inspection and the addition of the gasoline power jigger pump to the barge SCF-125 On May 31, 2007, the SCF-125 was under the care, in whole or in part, of Defendant. Defendant entered into a contract with Plaintiff and/or SCF Marine, Inc. under which

Defendant was obligated to provide prudent and safe services for the inspection, maintenance, dewatering, repair and safety of the SCF-125. Defendant breached its contractual obligations to Plaintiff and/or Plaintiff as Assignee of SCF Marine, Inc.

32.   Defendant breached its duty of care by failing to properly inspect, maintain, de-water and/or repair the SCF-125 which allowed water to enter the barge causing it to sink.

33.   The aforementioned sinking was a direct, proximate cause, in whole or in part, of the negligence of Defendant and the breach of Defendant's contractual obligations to Plaintiff and Plaintiff as Assignee of SCF Marine, Inc.

34.   As a direct, proximate cause of the Defendant's negligence and the breach of its contractual obligations, Plaintiff has sustained damages for which Defendant is responsible in the amount of $532,643.41, together with attorney's fees, expenses, prejudgment interest and post-judgment interest.

**WHEREFORE,** Plaintiff, Mississippi Lime Company, d/b/a Falco Lime, respectfully requests that Defendant, Big River Shipbuilders, Inc., be ordered to pay $532,643.41 to Plaintiff, plus attorney's fees, expenses, prejudgment interest and post-judgment interest and for such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED,** this the ___13___ day of May, 2010.

                                            _____
                                            JOEL J. HENDERSON, MSB #2264
                                            EDWARD D. LAMAR, MSB #1780
                                            **HENDERSON DANTONE, P.A.**
                                            P.O. Box 778
                                            Greenville, Mississippi 38702-0778
                                            Telephone:   662/378-3400
                                            Facsimile:   662-378-3413

                                            Attorneys for Mississippi Lime Company,
                                            d/b/a Falco Lime