IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MISSISSIPPI LIME COMPANY,
d.b.a FALCO LIME                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 5:10-cv-89(DCB)(JMR)

BIG RIVER SHIPBUILDERS, INC.                                  DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Big River Shipbuilders, Inc. ("Big River")'s motion to dismiss **(docket entry 7)**. Having carefully considered the motion and the plaintiff's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

Motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." Test Masters Educ. Servs. Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). The Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

The plaintiff, Mississippi Lime Company, d.b.a. Falco Lime

("Falco") operates a dock and barge unloading facility on the Yazoo Diversion Canal, north of Vicksburg, Mississippi. SCF Marine, Inc. ("SCF") entered into a contract with Falco to provide Barge SCF-125 to transport lime to Vicksburg on behalf of Falco. The SCF-125 and its cargo were delivered to Falco's Vicksburg facility on May 30, 2007. During unloading, the SCF-125 began to leak and unloading operations were suspended. Falco contacted Big River, a marine maintenance and repair company, which attempted to prevent the barge from sinking; however, the barge ultimately sank on or about June 1, 2007.

SCF filed a maritime tort lawsuit against Falco in the United State District Court of the Eastern District of Missouri in order to recover the cost SCF incurred in salvaging the SCF-125, plus the value of the barge. Falco filed a third party complaint against Big River in the Missouri litigation. Big River filed a motion to dismiss or, alternatively, to transfer the case to the Southern District of Mississippi. Big River's motion to dismiss was granted by the Missouri federal court due to lack of personal jurisdiction over Big River. Subsequently, SCF and Falco reached a settlement, and SCF assigned to Falco any and all rights SCF may have against Big River for the sinking of the SCF-125. Based on the assignment, Falco filed its Complaint in this action against Big River on May 14, 2010, for the value of the SCF-125 and expenses associated with its sinking.

Big River bases its motion to dismiss on <u>Ondimar Transportes Maritimos v. Beatty Street Properties</u>, Inc., 555 F.3d 184 (5th Cir. 2009). In that case, the Fifth Circuit "adopt[ed] the rule for the general maritime law that the assignment of tort claims from the injured party to one tortfeasor permitting the settling defendant to proceed against a co-tortfeasor is invalid." <u>Id</u>. at 189. <u>See also</u> <u>Lexington Ins. Co. V. S.H.R.M. Catering Servs., Inc.</u>, 567 F.3d 182 (5th Cir. 2009). Big River therefore urges the Court to dismiss the plaintiff's claims on purely legal grounds.

In the case of <u>Combo Maritime, Inc. V. U.S. United Bulk Terminal, LLC</u>, 615 F.3d 599 (5th Cir. 2010), the Fifth Circuit stated:

> [A] settling tortfeasor [may not] seek recovery from a non-settling tortfeasor based on an assignment of the property damage claim by the plaintiff. <u>Lexington</u> [], 567 F.3d [at] 185 []; <u>Ondimar</u>, 555 F.3d at 189. However, in both <u>Ondimar</u> and <u>Lexington</u>, we indicated that when a settling tortfeasor obtains a full release[2] from the plaintiff for all parties, an action for contribution might not conflict with [<u>McDermott, Inc. v. AmClyde</u>, 511 U.S. 202 (1994)]. We now make explicit what we have previously implied and hold that <u>AmClyde</u> does not prevent an action for contribution for a settling tortfeasor who obtains, as part of its settlement agreement with the plaintiff, a full release for all parties.
>
> 2. For the purposes of this opinion, "full release" indicates that the plaintiff has released all potential tortfeasors from liability, regardless of whether the potential tortfeasor is a party to the settlement giving rise to the full release.

<u>Combo Maritime</u>, 615 F.3d at 603.

In its response to Big River's motion, Falco contends that as

part of its settlement with SCF it obtained a full release from the plaintiff for all parties. It is apparent to the Court that pertinent facts are in dispute on the issue of whether Falco obtained a full release from SCF for all parties, and that the defendant's motion cannot be resolved solely upon issues of law. The Court notes that Falco is also suing Big River on its own behalf, as owner of the cargo, for loss of its cargo. The defendant does not contend that this claim should be dismissed on Rule 12(b)(6) grounds.

Based on the foregoing, the Court finds that the defendant's motion to dismiss must be denied. Accordingly,

IT IS HEREBY ORDERED that the defendant Big River Shipbuilders, Inc.'s motion to dismiss **(docket entry 7)** is DENIED.

SO ORDERED, this the 22nd day of March, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

4